[No. F002390. Fifth Dist. June 4, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
KATHRYN WANDA NULL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

**COUNSEL**

Heusdens & Gong, Gary G. Hood and James Heusdens for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ben Johnson, James T. McNally and Thomas R. Yanger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ANDREEN, J.**—Defendant Kathryn Wanda Null was found guilty upon jury trial of cultivating marijuana and possession of marijuana for sale. (Health & Saf. Code, §§ 11358 and 11359.) She appeals from a sentence admitting her to probation.

### I. FACTS

After conducting an aerial search and utilizing parcel maps and recorder's documents, Detective Conley of the Tulare County Sheriff's Department obtained a search warrant to seize marijuana which he had observed on defendant's 50-acre parcel of land.

The subsequent search netted two marijuana gardens with six-month-old plants. The gardens were in a ravine about 200 to 250 feet below defendant's mobilehome. A sophisticated drip irrigation system was utilized. The waterline fed out of the pump which supplied water to the mobilehome; the electrical line used to run that pump was tied into the mobilehome's electrical service.

Near the gardens Conley found manure, poisons, plastic cement, pliers, irrigation parts, wirecutters and shovels. Near the mobilehome Conley found manure and hoses similar to that used in the garden.

While Conley conducted the search for the gardens, Sergeant McLaughlin searched Null's mobilehome. He found two baggies of marijuana, some checks made out to feed companies and nurseries, numerous receipts from hardware stores and nurseries, a grant deed to the property, a tool box which contained directions for running the pump, electrical conduit, screwdrivers and pipes, and some photographs.

Null's defense was that she did not know that marijuana was being grown on her property. She had purchased numerous garden items to help in her landscaping and in a garden (not marijuana) that she grew on the property. She never went to where the marijuana gardens were located because she was afraid of rattlesnakes.

## II. FAILURE TO COMPLY WITH DISCOVERY ORDER*

. . . . . . . . . . . . . . . . . . . . .

## VIII. AIDING AND ABETTING

The People requested and the court gave CALJIC No. 3.01 (aiding and abetting): "A person aids and abets the commission of a crime if, with knowledge of the unlawful purpose of the perpetrator of the crime, he aids, promotes, encourages or instigates by act or advice the commission of such crime.

"Mere presence at the scene of a crime which does not itself assist the commission of the crime does not amount to aiding and abetting."

The court deleted the final paragraph of the instruction which reads "Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting." The court discussed the deletion in the following way: ". . . I was having one problem with the aiding and abetting instruction and that is the third paragraph where it says 'Mere knowledge.' Ordinarily I would delete that but since the evidence is that she is the owner of the property, of course, really had exclusive control of that property, it appears contrary to that instruction so the Court intended to delete it for that reason.

---

*See footnote, *ante*, page 849.

"[Defense counsel]: You're going to delete it?

"THE COURT: Yes, because it's contrary to what is—in other words, you aid and abet if you have control of the situation. It's like having control of a car or property where you know contraband is and you—

". . . . . . . . . . . . . . . . .

"THE COURT: I've heard evidence at this point that she owns this property. She's indicated the garden, she's been up there, is growing on her property. So knowledge that it's being grown on the property where she's the owner of the property, of course, would make her an aider and abettor. So it runs contrary to the aiding and abetting instruction. For that reason, the Court will delete that portion of the instruction."

■ Null asserts that it was error to "tell the trier of fact that they can find that knowledge existed, and at the same time reject the Appellant's request for the instruction as to mere knowledge."

The "mere knowledge" paragraph would be inappropriate in this case where it was established that the defendant owned and possessed the real property on which grew a marijuana garden. If she knew of the existence of the illegal activity, her failure to take steps to stop it would aid and abet the commission of the crime.

This conclusion is based upon the control that she had over her property. Although we have not found a case directly on point, there is no dearth of cases imposing responsibility on possessors of land for conditions situate thereon. See, for example, *Sprecher v. Adamson Companies* (1981) 30 Cal.3d 358, 369-370 [178 Cal.Rptr. 783, 636 P.2d 1121]. In *Sprecher,* a downhill landowner sought to impose liability for a landslide originating from a natural condition on the defendant's land. A motion for summary judgment was reversed. Our Supreme Court changed the old common law rule which immunized a possessor of land from liability for injury caused by a natural condition of his land. At pages 369-370, the court traced the history of liability of possessors of land for dangerous conditions thereon. Liability has attached with regard to a dangerous artificial condition even though created by a predecessor or by the unauthorized conduct of a third person.

In *Leslie Salt Co. v. San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605 [200 Cal.Rptr. 575], strict liability was imposed on a landowner for fill placed on marshy wetlands by unknown third persons.

Although both *Sprecher* and *Leslie Salt* were civil actions, the same reasoning should apply to permit the giving of an aiding and abetting instruction without a limitation that mere knowledge of the growing of the marijuana would not amount to aiding and abetting. Allowing marijuana plants to grow on one's property for six months amounts to more than "mere knowledge." The trend of the law is toward accountability and responsibility of landowners. A possessor of land has a right to control. Just as he may be civilly responsible for injuries caused by dangerous conditions on his land which were not created by him, he may be responsible as an aider and abettor for cultivation of contraband on his land if he had knowledge of its presence for a sufficient length of time to take corrective action. In this case, the marijuana plants were six months old, so there is no real question as to having sufficient time to eradicate the plants. The defendant contended she did not know that they were there. The jury rejected this assertion.

There was no instructional error.

## IX. CONCLUSION

The judgment is affirmed.

Franson, Acting P. J., and Zenovich, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 30, 1984.