[No. B054310. Second Dist., Div. Two. June 9, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMY LEE LAZENBY, Defendant and Appellant.

**COUNSEL**

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Pamela C. Hamanaka and Karen Bissonnette, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

GATES, Acting P. J.—Jimmy Lee Lazenby appeals from the judgment (order granting probation) entered following a jury trial which resulted in his conviction for possessing cocaine base for sale (Health & Saf. Code, § 11351.5). He contends:

   "I. ▉    The court committed reversible error in instructing the jury that possession for the purpose of sale of cocaine base (H. & S. 11351.5)

includes an exchange for favors, services, goods or other non-cash benefits.
II. ██ The court's failure to rule on appellant's motion for new trial requires remand to the trial court for further proceedings consistent with *People* v. *Stewart* (1985) 171 Cal.App.3d 388, 395-396."

At approximately 6:45 p.m. on February 13, 1988, Los Angeles County Sheriff's deputies executed a search warrant at the residence occupied by appellant and owned by his uncle. As the officers approached they observed appellant, who was standing in front of the garage, drop a silver foil bindle on the ground and then kick it under a vehicle parked in the driveway. It was found to contain 3.41 grams of cocaine base divided into 36 "rocks" of various sizes, having a street value of $5, $10, or $20 each, and a total value of $350 to $400. Appellant also had $74 in his possession but no paraphernalia with which to ingest cocaine.

Inside the residence in appellant's room, the deputies recovered a small hand-held scale similar to those used to weigh small amounts of narcotics.

In defense, appellant denied any knowledge of either the contraband or the scale. He acknowledged his awareness that "other people" were selling drugs from his uncle's house but averred he did not "agree with that kind of activity." Since the People interposed no objection he was also allowed to introduce a bit of self-serving hearsay. That is, he asserted that while he was being transported to jail, he told one of the deputies "I don't fool with that stuff." Allegedly the deputy had replied, "Yeah, I know. You don't smoke, or nothing like that. . . . But I think you handle a lot of cocaine for the girls." When asked what girls the officer was talking about, appellant responded, "Well, there are girls that—will—do things for drugs."

Subsequently appellant expressly advised the court he did not wish the jury to be instructed on the lesser included offense of simple possession. Then, in argument to the jury, his counsel, after stressing appellant's claim of total innocence, added that even if appellant had possessed the substantial quantity in issue, he might have done so "because he was using it to get favors from ladies," in which case "he's still not guilty of what he's charged with."

In the course of the jury's deliberations the following occurred: "THE COURT: . . . Two questions were sent in to us this morning. . . . the first question is to ask Your Honor whether an exchange of cocaine base must be for cash under Health and Safety Code 13351.5, or if an exchange of cocaine base for favors, services, goods, or other non-cash benefits also falls under that section, and the answer to that question is yes."

Following appellant's conviction, his counsel filed two motions seeking a new trial. One, an extensive 20-page written document, contained as its sixth and final point two terse sentences in which counsel suggested that his representation might not have been adequate because he had not developed evidence concerning another suspect and had not had certain deputy sheriffs available to testify. It concluded, "In the alternative, the court may consider appointing substitute counsel to argue a new trial motion based upon ineffective assistance."

However, when these motions were addressed at appellant's probation and sentence hearing, no mention whatsoever was made of either the question of representation or the appointment of a different attorney. In fact, after defense counsel made a brief oral statement, he advised the court that there was no legal cause why sentence should not be pronounced. The court proceeded to conduct sentencing without objection. The clerk's transcript reflects that the new trial motions were denied.

■ Appellant's first contention is without merit. The evil which Health and Safety Code section 11351.5 is designed to proscribe is as surely present when a seller, rather than first obtaining cash with which to purchase other commodities or services, obtains those items and considerations directly by making payment with the contraband itself.

Health and Safety Code former section 11008 included "barter, exchange, or gift" within the definition of "sale." (See, e.g., *People* v. *Lopez* (1967) 254 Cal.App.2d 185, 188 [62 Cal.Rptr. 47].) Section 11008 was repealed when the California Uniform Controlled Substances Act was enacted to bring California into substantial conformity with the federal law. (Stats. 1972, ch. 1407, §§ 2-3, pp. 2987-3042, see Legis. Counsel's Dig., Assem. Bill No. 192, 2 Stats. 1972 (Reg. Sess.) Summary Dig., pp. 211-212; *Review of Selected 1972 California Legislation* (1972) 4 Pacific L.J. 378-384.)[1] There is no indication that the Legislature sought to prohibit only sales for cash. The conclusion that sale includes transfers other than for money comports with the evident purposes of the California legislation, the commonly accepted meaning of the term and settled rules of statutory interpretation. (Cf. *People* v. *Aston* (1985) 39 Cal.3d 481, 489 [216 Cal.Rptr. 771, 703 P.2d 111]; *People* v. *Kirk* (1975) 49 Cal.App.3d 765, 768 [122 Cal.Rptr. 653].)

Appellant's citation of *People* v. *Daniels* (1975) 14 Cal.3d 857 [122 Cal.Rptr. 872, 537 P.2d 1232], for the proposition that "sell" must be defined

---

[1]The Legislative Counsel's Digest provides no specific gloss on "possesses for sale" for Health and Safety Code section 11351.5, which was enacted in 1986. (Added by Stats. 1986, ch. 1044, § 4, p. 3633; amend. by Stats. 1987, ch. 1174, § 3, p. 4155; see Legis. Counsel's Dig., Sen. Bill No. 1960 (1986 Reg. Sess.) and Legis. Counsel's Dig., Sen. Bill No. 943 (1987 Reg. Sess.).)

as a transfer for cash, misses the mark. The specific sale there made chanced to be of the cash variety, but the only question considered by our Supreme Court was whether or not that crime required a general or specific intent. (*Id.* at p. 859.) Consequently, *Daniels* has no direct relevance here. (*People* v. *Superior Court* (*Marks*) (1991) 1 Cal.4th 56, 65-66 [2 Cal.Rptr. 389, 820 P.2d 613].)

■ Appellant's related contentions that the court erred in failing (1) to expressly rule on his motion for new trial, and (2) to appoint new counsel to assert ineffective assistance of trial counsel, are without merit. The court read, considered, and heard oral argument on the motion. The points mentioned in the written notice, at best, amounted to no more than the inevitable observation that different trial tactics might have been utilized. Such claims could be, and were, fairly evaluated by the trial court on the basis of what occurred at trial, and there was no necessity to appoint new counsel to present them. (Cf. *People* v. *Gay* (1990) 221 Cal.App.3d 1065, 1068-1069 [270 Cal.Rptr. 747]; *People* v. *Stewart* (1985) 171 Cal.App.3d 388, 396-397 [217 Cal.Rptr. 306].) Appellant was not prejudiced by any lack of a more formal denial of his motion. (Cf. *People* v. *Teddie* (1981) 120 Cal.App.3d 756, 763-764 [175 Cal.Rptr. 49].)

The judgment (order granting probation) is affirmed.

Fukuto, J., and Nott, J., concurred.