**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ROMAN-SUASTE, AKA Roberto Roman, *Petitioner*, | No. 12-73905 |
| | Agency No. A092-354-044 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
July 10, 2014—Pasadena, California

Filed September 4, 2014

Before: Fortunato P. Benavides,[*] Kim McLane Wardlaw,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

---

[*] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

## SUMMARY**

### Immigration

The panel denied Roberto Roman-Suaste's petition for review of the Board of Immigration Appeals' decision finding him removable and ineligible for relief based on his conviction for possession of marijuana for sale, in violation of California Health & Safety Code § 11359.

The panel affirmed the Board of Immigration Appeals' finding that a conviction under California Health & Safety Code § 11359 is a categorical aggravated felony. The panel held that the conviction contemplates distribution of marijuana in exchange for remuneration, and that aiding and abetting liability is no different under California law than under federal law. The panel held that the conviction therefore constitutes illicit trafficking in a controlled substance, an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

### COUNSEL

Yonaton M. Rosenzweig (argued) and Nicole Shimoda, Katten Muchin Rosenman LLP, Los Angeles, California, for Petitioner.

Stuart F. Delery, Assistant Attorney General, Linda S. Wernery, Assistant Director, James E. Grimes, Senior

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Litigation Counsel, and Susan Bennett Green (argued), Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

CLIFTON, Circuit Judge:

Roberto Roman-Suaste, a native and citizen of Mexico, was charged with being a removable alien on the basis of a conviction for possession of marijuana for sale under California Health & Safety Code ("CHSC") § 11359. The Board of Immigration Appeals held that a conviction under CHSC § 11359 is categorically an aggravated felony. Roman-Suaste was therefore found to be removable and ineligible for various discretionary forms of relief from removal.

We agree with the BIA. Possession of marijuana for sale under CHSC § 11359 contemplates a sale—that is, distribution of marijuana in exchange for remuneration. Furthermore, aiding and abetting liability under California law is no different from aiding and abetting liability under federal law. We therefore hold that a conviction for possession of marijuana for sale under CHSC § 11359 is categorically an aggravated felony, namely "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B). Accordingly, we deny Roman-Suaste's petition for review.[1]

---

[1] Because we affirm the order of removal on the basis of the CHSC § 11359 conviction, we do not consider the other charges of removability.

## I.   Background

Roman-Suaste, a native and citizen of Mexico, is a permanent resident of the United States. In 2010, Roman-Suaste was charged with possession of marijuana for sale under CHSC § 11359. He pled *nolo contendere* and was accordingly convicted and sentenced to three years' imprisonment.

On the basis of this conviction, among others, the Department of Homeland Security charged Roman-Suaste with being removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) and as a controlled substances offender under 8 U.S.C. § 1227(a)(2)(B)(i). In proceedings in front of an Immigration Judge ("IJ"), Roman-Suaste admitted the allegations against him. The IJ found Roman-Suaste removable as charged and, in addition, concluded that his aggravated felony rendered him ineligible for the various forms of discretionary relief otherwise potentially available to him. As such, the IJ ordered Roman-Suaste removed.

Roman-Suaste appealed to the BIA. The BIA dismissed his appeal, holding that his CHSC § 11359 conviction categorically qualified as an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B).

Roman-Suaste petitioned for review of the BIA decision affirming the IJ's final order of removal against him. We have jurisdiction under 8 U.S.C. § 1252(a). We review de novo whether an offense constitutes an aggravated felony. *Carlos-Blaza v. Holder*, 611 F.3d 583, 587 (9th Cir. 2010).

## II. Discussion

In determining whether an offense qualifies as an "aggravated felony," we generally apply the categorical approach as laid out in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). "Under this approach we look 'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)). Only if the full range of conduct punishable under the state statute at issue would also be punishable under the generic definition is there a categorical match. *See id.*

The Immigration and Nationality Act ("INA") defines the term "aggravated felony" to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). In turn, the phrase "drug trafficking crime" is defined as, among other things, "any felony punishable under the Controlled Substances Act [("CSA")] (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). Finally, a "felony" is an offense for which the maximum term of imprisonment is "more than one year." 18 U.S.C. § 3559(a)(5).

CHSC § 11359, the statute under which Ramon-Suaste was convicted, provides that "[e]very person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code." In turn, California Penal Code § 1170(h) provides for a maximum term of

imprisonment of three years, making offenses under CHSC § 11359 felonies under California law.

The comparable CSA provision is 21 U.S.C. § 841(a), which states that "it shall be unlawful for any person knowingly or intentionally—(1) to . . . possess with intent to . . . distribute . . . a controlled substance."[2] Offenses under this CSA provision are punishable as felonies, with one exception: "distributing a small amount of marihuana for no remuneration" is punishable only as a misdemeanor. 21 U.S.C. § 841(b)(4).

Roman-Suaste contends that CHSC § 11359 is not a categorical match with its generic CSA counterpart and is therefore not an aggravated felony because it punishes conduct broader than that punishable under the CSA in two ways. First, he contends that "possess[ion] for sale" does not necessarily imply trafficking. Second, he argues that aiding and abetting liability in California is broader than aiding and abetting liability under federal law. Neither argument has merit.

*A. Possession for Sale*

First, Roman-Suaste relies on *Moncrieffe v. Holder*, 133 S. Ct. 1678, and its predecessor cases, reading them as taking a common-sense view—as opposed to a counterintuitive or unorthodox one—of "illicit trafficking." He then argues that possession for sale under CHSC § 11359 can cover "distribution for insignificant payment, or payment

---

[2] Marijuana is one of the many controlled substances scheduled under the CSA. *See* 21 U.S.C. § 802(6); 21 C.F.R. § 1308.11(d)(23).

for social, medical, or family purposes," none of which amount to "illicit trafficking" under his reading of the cases.

But *Moncrieffe* itself made clear that "[t]he presence of remuneration would mean that paragraph (4)"—the exception for distributing a small amount of marijuana for no remuneration that Roman-Suaste attempts to rely upon—"is not implicated." *Id*. at 1686. Roman-Suaste's interpretation ignores the explicit definition of "drug trafficking crime," 18 U.S.C. § 924(c)(2), a form of "illicit trafficking," 8 U.S.C. § 1101(a)(43)(B). This definition instructs us to consider whether the offense is punishable as a felony under the CSA. *See Moncrieffe*, 133 S. Ct. at 1685. Under the CSA, possession with intent to distribute is always punishable as a felony where *remuneration* is involved. *See id.* at 1686. A "sale," as commonly understood, contemplates a transfer in exchange for money or some other form of remuneration, and California case law confirms this understanding. *See People v. Lazenby*, 8 Cal. Rptr. 2d 541, 543 (Ct. App. 1992). In addition, because "possession for sale" under CHSC § 11359 requires knowing possession and an intent to sell the marijuana, this offense's mens rea requirement corresponds perfectly with the CSA's "possession with intent to distribute" offense, 21 U.S.C. § 841(a). *See, e.g.*, *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1096 (9th Cir. 2007).

Because "possession for sale" under CHSC § 11359 necessarily comprises only possession with intent to distribute marijuana in exchange for remuneration, convictions under that provision categorically qualify as aggravated felonies.

### B.  Aiding and Abetting Liability

Relying on the broad scope of third-party liability for aiding and abetting under California law, Roman-Suaste also argues that some conduct punishable under CHSC § 11359 is not punishable under the CSA, such that the categorical match between the state offense and the generic CSA offense is defeated.

We reject this argument as well. Whatever differences there may once have been between aiding and abetting liability and liability as a principal no longer exist under either federal or California law. *See* 18 U.S.C. § 2; Cal. Penal Code § 971. Furthermore, the scope of aiding and abetting liability in California, though broad, does not in practice differ from that under federal law. *See Duenas-Alvarez*, 549 U.S. at 190–91; *Martinez-Rodriguez*, 472 F.3d at 1096–97.

Roman-Suaste cites to *People v. Null*, 204 Cal. Rptr. 580 (Ct. App. 1984), and *United States v. Sliwo*, 620 F.3d 630 (6th Cir. 2010), as exemplifying the alleged distinction between aiding and abetting liability under California law and that under federal law. We are not persuaded that those cases illustrate any distinction of that nature.

To begin with, the model aiding and abetting jury instruction under California law given in *Null*, CALJIC No. 3.01, does not materially differ from the jury instruction under federal law approved for use in this circuit. *Compare Null*, 204 Cal. Rptr. at 581 ("A person aids and abets the commission of a crime if, with knowledge of the unlawful purpose of the perpetrator of the crime, he aids, promotes, encourages or instigates by act or advice the commission of

such crime."), *with* Ninth Circuit Model Criminal Jury Instruction 5.1 (requiring, for aiding and abetting liability, that the government prove that "the defendant aided, counseled, commanded, induced or procured [the principal] with respect to at least one element of [the crime charged]" and that "the defendant acted with the intent to facilitate [the crime charged]"). Were *Null* a federal case, a conviction based on aiding and abetting would have been just as appropriate.

Nor does a comparison of *Null* and *Sliwo* demonstrate the distinction asserted by Roman-Suaste. The facts and evidence in the two cases were very different.

In *Null*, a conviction under CHSC § 11359 was affirmed against a defendant who owned property on which two marijuana gardens with plants six months old were found. 204 Cal. Rptr. at 580. A sophisticated drip irrigation system was used to water the plants, fed out of a pump that served the defendant's home and powered by an electrical line tied into the home. *Id.* The trial court refused to give a jury instruction sought by the defendant to the effect that "mere knowledge" of the marijuana did not constitute aiding and abetting. *Id.* at 581. The state court of appeal agreed, holding that a landowner may be held "responsible as an aider and abettor for cultivation of contraband on his land if he had knowledge of its presence for a sufficient length of time to take corrective action." *Id*. at 582.

*Sliwo* did not hold to the contrary. In that case, the Sixth Circuit reversed a federal conviction for aiding and abetting the possession of marijuana with intent to distribute on the ground that the evidence was insufficient to prove that the defendant "knew he was involved in a scheme to procure

marijuana." *Sliwo*, 620 F.3d at 638. The defendant was seen over a period of time in the vicinity of a van that at one point contained marijuana, and may have served as a lookout when the marijuana was actually loaded into the van, but he was not present to see the marijuana actually loaded. *Id*. The panel concluded that "it is a step too far to find that Defendant knew that marijuana was in the van," *id*., and that the evidence "sa[id] nothing about whether [he] knew that the ultimate purpose of the conspiracy was possession of marijuana." *Id.* at 634. That decision, which is not binding on our court in any event, did not turn on any conclusion that the federal standard for aiding and abetting was any different from the standard in Michigan, where the events took place, let alone the standard under California law applied to Roman-Suaste.

## III.    Conclusion

In sum, we hold that convictions for possession of marijuana for sale under CHSC § 11359 categorically qualify as aggravated felonies under the INA, 8 U.S.C. § 1101(a)(43)(B). Accordingly, the BIA did not err in concluding that Roman-Suaste was removable and ineligible for all forms of discretionary relief as an aggravated felon.

**PETITION FOR REVIEW DENIED.**