**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARTHA GARCIA-MERCED, AKA Martha Macias, | No. 13-71290 |
| Petitioner, | Agency No. A092-848-982 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014**

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Martha Garcia-Merced, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

remand and dismissing her appeal from an immigration judge's removal order.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Because Garcia-Merced is removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on her conviction for an offense relating to a controlled substance, our jurisdiction is limited to colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D).

Garcia-Merced's conviction for possession of marijuana for sale under California Health and Safety Code § 11359 is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), illicit trafficking in a controlled substance, *see Roman-Suaste*, 766 F.3d at 1037, which renders her ineligible for asylum, *see* 8 U.S.C. §§ 1158(b)(2)(A)(ii); 1158(b)(2)(B)(i).

Garcia-Merced's drug trafficking offense is presumptively a particularly serious crime which renders her ineligible for withholding of removal, *see id.* § 1231(b)(3)(B); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."), and she has not rebutted this "extraordinarily strong presumption," *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007).

2

Her remaining challenges to this presumption are foreclosed by *Miguel-Miguel v. Gonzales*, 500 F.3d at 948-50.

Garcia-Merced's due process claim fails because she received a full and fair hearing of her claims and a reasonable opportunity to present evidence on her behalf. *Id.* at 950. The record does not reflect that Garcia-Merced requested a continuance to seek post-conviction relief, and her conviction is final for immigration purposes. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

Garcia-Merced failed to exhaust her contentions regarding her fear of torture if returned to Mexico based on past incidents of domestic violence, or that she is eligible for relief as the battered spouse of a lawful permanent resident. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**