**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR GEORGE THETFORD,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-73072

Agency No. A037-049-837

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2016[**]
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,[***] Senior
District Judge.

Oscar George Thetford, a native and citizen of Jamaica and lawful

permanent resident of the United States, pleaded *nolo contendere* to violation of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S.
District Court for the Eastern District of Louisiana, sitting by designation.

Cal. Health & Safety Code § 11359, which criminalizes possession of marijuana for sale. Thereafter, the U.S. Department of Homeland Security initiated removal proceedings under 8 U.S.C. § 1229a. The immigration judge (IJ) ordered Thetford removed, and the Board of Immigration Appeals (BIA) dismissed Thetford's appeal, deeming him removable as an aggravated felon. 8 U.S.C. § 1227(a)(2)(A)(iii).

In determining whether a state conviction is an aggravated felony, we ask whether the statute of conviction "categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (citation and internal quotation marks omitted). Our precedent holds that "a conviction for possession of marijuana for sale under CHSC § 11359 is categorically an aggravated felony, namely 'illicit trafficking in a controlled substance.'" *Roman-Suaste v. Holder*, 766 F.3d 1035, 1037 (9th Cir. 2014) (quoting 8 U.S.C. § 1101(a)(43)(B)). Because possession "for sale" under Cal. Health & Safety Code § 11359 "necessarily comprises only possession with intent to distribute marijuana in exchange for remuneration, convictions under that provision categorically qualify as aggravated felonies." *Id.* at 1039. The BIA did not err in determining that Thetford's conviction qualifies as an aggravated felony.

Nor did the BIA err by declining to address whether Thetford deserved a continuance before the IJ. In Thetford's notice of appeal to the BIA, he claimed that the IJ erred by not giving him another continuance. Thetford did not, however, raise that issue in his brief to the BIA. When a petitioner files a brief in his appeal, he will be "deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Thetford did not exhaust this claim.

The petition for review is **DENIED** without prejudice to Thetford's seeking on a timely basis (a) habeas corpus or other relief from his prior state court conviction of violating Cal. Health & Safety Code § 11359 or (b) the filing with the BIA of a motion to reopen based on ineffective assistance of counsel or any other grounds available to him.