FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN A. HASTINGS, AKA
Donovan Hastings, AKA Donovan
Anthony Hastings,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-74038

Agency No. A041-359-587

MEMORANDUM[*]

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Donovan A. Hastings, a native and citizen of Jamaica, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeal

from an immigration judge's ("IJ") order of removal.  Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Hastings' conviction under California Health and Safety Code ("CHSC") § 11359, for possession for sale of marijuana, constitutes a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Roman-Suaste v. Holder*, 766 F.3d 1035, 1037 (9th Cir. 2014) ("[A] conviction for possession of marijuana for sale under CHSC § 11359 is categorically an aggravated felony, namely 'illicit trafficking in a controlled substance.'" (quoting 8 U.S.C. § 1101(a)(43)(B)). Hastings contends that a conviction under CHSC § 11359 is not categorically an aggravated felony because one can be convicted under that statute for distribution without remuneration of a small amount of marijuana. However, we have expressly rejected that argument. *See id.* at 1139 ("Because 'possession for sale' under CHSC § 11359 necessarily comprises only possession with intent to distribute marijuana in exchange for remuneration, convictions under that provision categorically qualify as aggravated felonies.").

Hastings' contentions that he was not guilty of committing an offense under CHSC § 11359 and that he was subjected to due process violations in his criminal proceedings are not properly before us. *See Ramirez-Villalpando v. Holder*, 645

F.3d 1035, 1041 (9th Cir. 2010) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

Hastings' claims of IJ bias and due process violations in his removal proceedings are not supported by the record. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process.").

We lack jurisdiction to consider Hastings' unexhausted contention that his former attorney failed to file a brief to the BIA, because Hastings did not raise this ineffective assistance of counsel claim to the BIA in the proceedings now on review before this court. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency). We do not take judicial notice of his related supporting documentation. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (explaining standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**