**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ERNESTO ARGUETA, AKA Hector Argueta,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 15-72122<br><br>Agency No. A206-411-209<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Victor Ernesto Argueta, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's denial of asylum, withholding of removal, and

Convention Against Torture ("CAT") relief.  Our jurisdiction is governed by 8

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo constitutional claims and questions of law, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007), and we review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review for abuse of discretion the agency's particularly serious crime determination. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Argueta's convictions for possession of marijuana for sale under California Health and Safety Code § 11359 are categorically aggravated felonies under 8 U.S.C. § 1101(a)(43)(B), illicit trafficking in a controlled substance, *see Roman-Suaste v. Holder*, 766 F.3d 1035, 1037 (9th Cir. 2014), which render him ineligible for asylum, *see* 8 U.S.C. §§ 1158(b)(2)(A)(ii); 1158(b)(2)(B)(i).

Argueta's drug trafficking convictions are presumptively particularly serious crimes, which render him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."). The agency did not abuse its discretion in determining he has not rebutted this "extraordinarily strong presumption." *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007).

15-72122

Substantial evidence supports the agency's denial of CAT protection because Argueta failed to establish it is more likely than not that a government official would consent to or acquiesce in his torture by gang members or anyone else if he returns to El Salvador. *See* 8 C.F.R. § 1208.18(a)(1); *see also Silaya*, 524 F.3d at 1073.

Argueta's contention that the BIA violated due process in ignoring his arguments on appeal is not supported by the record.

Argueta failed to exhaust his contention that he was never advised by his criminal defense attorneys of the immigration consequences of his convictions. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). He also failed to exhaust his challenges to the sufficiency of the record of conviction and the agency's aggravated felony determination. *See id.*

In light of this disposition, we do not reach Argueta's remaining contentions regarding asylum, withholding of removal, and CAT protection.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**