**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROEL ROBERTO STERLING, AKA Roel R. Sterling, AKA Roel Roberto Sterling Jackson,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    15-70237<br><br>Agency No. A098-060-136<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Roel Roberto Sterling, a native and citizen of Costa Rica, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's decision denying

his application for cancellation of removal. Our jurisdiction is governed by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Sterling's contention that his conviction under California Health & Safety Code ("CHSC") § 11359(a) is not an aggravated felony is foreclosed by *Roman-Suaste v. Holder*, 766 F.3d 1035, 1039 (9th Cir. 2014) ("Because 'possession for sale' under CHSC § 11359 necessarily comprises only possession with intent to distribute marijuana in exchange for remuneration, convictions under that provision categorically qualify as aggravated felonies."). Sterling urges us to reconsider our holding in *Roman-Suaste v. Holder*, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011). Accordingly, the agency did not err in finding him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a).

The BIA did not err in finding Sterling's contention that he did not actually possess marijuana for sale to be an impermissible collateral attack on his conviction. *See Leal v. Holder*, 771 F.3d 1140, 1148 n. 5 (9th Cir. 2014) (a petitioner cannot collaterally attack his criminal conviction in removal proceedings).

15-70237

The BIA did not abuse its discretion in declining to remand in order for Sterling to withdraw his prior attorney's concession of removability, where Sterling has not shown an egregious circumstance. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830-31 (9th Cir. 2011) (absent egregious circumstances, an attorney's admission or concession is binding on an alien; egregious circumstances include circumstances where binding the alien to the concession would be unjust, such as if the propriety of the concession has been undercut by intervening law).

Sterling has waived any challenge to the agency's determination regarding the Federal First Offender Act. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

We lack jurisdiction to consider Sterling's unexhausted contentions regarding his alleged eligibility for a waiver under 8 U.S.C. § 1182(h)(1)(B), procedural irregularities, and ineffective assistance of counsel. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency). We reject Sterling's contention that he exhausted his ineffective assistance of counsel contention by mentioning it in the declarations supporting his motion, where he failed to allege ineffective assistance in either of his briefs to the BIA. *See Abebe v. Mukasey,* 554 F.3d 1203, 1208 (9th Cir. 2009) ("Petitioner will

15-70237

. . . be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.")

We deny Sterling's motion to take judicial notice of out of record evidence (Docket Entry No. 17). *See* 8 U.S.C.A. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard of review for out of record evidence). We deny as unnecessary Sterling's motion to correct omissions and misstatements in the record (Docket Entry No. 18), and his motion to supplement and correct omissions and misstatements in the record (Docket Entry No. 19).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**