**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL GUTTIEREZ-RUIZ, | No. 17-70791 |
| Petitioner, | Agency No. A206-548-188 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Miguel Guttierez-Ruiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Guttierez-Ruiz fails to challenge the agency's denial of CAT relief. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

We lack jurisdiction to consider Guttierez-Ruiz's contentions as to the validity of his criminal conviction because these claims are impermissible collateral attacks upon his state court conviction. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of a BIA decision).

We also lack jurisdiction to consider Guttierez-Ruiz's contentions as to his eligibility for a U-visa and whether his conviction constitutes a particularly serious crime because Guttierez-Ruiz failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**