NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIO CASILLAS ESCOBAR, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  16-72937 <br><br> Agency No. A073-871-006 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Gregorio Casillas Escobar, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying cancellation of removal, asylum,

withholding of removal, and protection under the Convention Against Torture

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for substantial evidence the denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

Casillas Escobar's contention that his conviction under California Health & Safety Code ("CHSC") § 11359 is not an aggravated felony is foreclosed by *Roman-Suaste v. Holder*, 766 F.3d 1035, 1039 (9th Cir. 2014) ("Because 'possession for sale' under CHSC § 11359 necessarily comprises only possession with intent to distribute marijuana in exchange for remuneration, convictions under that provision categorically qualify as aggravated felonies."). To the extent Casillas Escobar urges us to reconsider our holding in *Roman-Suaste v. Holder*, a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011). Accordingly, the agency did not err in finding him ineligible for cancellation of removal and asylum. *See* 8 U.S.C. §§ 1229b(a); 1158(b)(2)(A)(ii), (B)(i).

Casillas Escobar does not raise, and thus waives, any challenge to the agency's determination that his conviction is a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii) (withholding of removal is not available to an alien who has been convicted of a

particularly serious crime); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

Casillas Escobar does not raise, and thus waives, any challenge to the agency's denial of CAT relief based on the determination that he did not show sufficient evidence that any harm he would suffer upon return to Mexico would rise to the level of torture. *See Lopez-Vasquez*, 706 F.3d at 1079-80; *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (court's review is limited to the actual grounds relied upon by the BIA).

In light of our disposition, we do not reach Casillas Escobar's contentions regarding his membership in a particular social group or the likelihood of government involvement in the harm he fears. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED.**

16-72937