**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTUARDO FAJARDO, | No. 18-71344 |
| Petitioner, | Agency No. A092-798-445 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2020[**]
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,[***] District
Judge.

Petitioner Estuardo Fajardo petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming an immigration judge's (IJ) order of removal.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

Because the parties are familiar with the facts, we do not recite them here except as necessary. We have jurisdiction over properly exhausted claims under 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

1.      Fajardo argues that his 2006 conviction under California Health and Safety Code (CHSC) § 11359 does not qualify as an aggravated felony under the Immigration and Nationality Act (INA) in light of *Moncrieffe v. Holder*, 569 U.S. 184 (2013). To determine whether a state conviction for a drug-related offense constitutes an "aggravated felony" under the INA, we employ the categorical approach described in *Taylor v. United States*, 495 U.S. 575 (1990). *Moncrieffe*, 569 U.S. at 190. We need not conduct this analysis here, however, because Fajardo's argument is squarely foreclosed by our decision in *Roman-Suaste v. Holder*, 766 F.3d 1035 (9th Cir. 2014).[1] There, we held that, even after *Moncrieffe*, "a conviction for possession of marijuana for sale under CHSC

---

[1] Even though *Roman-Suaste* is directly on point, Fajardo's opening brief neither discusses nor even cites it. Both the IJ and the BIA relied extensively on *Roman-Suaste* when concluding that Fajardo's conviction constituted an aggravated felony. And in briefing before the IJ and the BIA, Fajardo's counsel cited and discussed *Roman-Suaste*, arguing that it did not foreclose Fajardo's claim. Those briefs were signed by the same attorney who represents Fajardo in this appeal. Thus, the failure to mention *Roman-Suaste* in the opening brief is inexplicable. We take this opportunity to remind counsel that the duty of candor requires counsel to bring relevant adverse authority to our attention and argue why that authority does not control.

2

§ 11359 is categorically an aggravated felony." *Id.* at 1037. Because Fajardo was convicted under CHSC § 11359, he has committed an aggravated felony, rendering him removable. The BIA did not err in reaching this conclusion.

2. Fajardo contends that the IJ's decision to transfer venue from Lancaster to San Antonio violated his Fifth Amendment due process rights. Our jurisdiction is limited to claims that an "alien has exhausted" before the BIA. 8 U.S.C. § 1252(d)(1). Despite having two chances to do so, Fajardo never presented this argument to the BIA. And contrary to Fajardo's assertion, the first opportunity to make this argument was not his opening brief filed with this Court in his previous petition for review in 2012. Rather, Fajardo could have raised this claim during his initial appeal to the BIA in 2009. Because he did not do so, we lack jurisdiction to consider it.

**PETITION DENIED IN PART, DISMISSED IN PART.**