NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICENTE VALLE, | No. 20-72769 |
| Petitioner, | Agency No. A029-138-276 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[***] District
Judge.

Vicente Valle, a native and citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' determination that his 1994 drug-trafficking

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

offense is a particularly serious crime for purposes of 8 U.S.C. § 1231(b)(3)(B)(ii). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

In determining whether a crime is particularly serious, the Board looks "to such factors as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982). In making that determination, the Board may not engage in additional fact finding, but it may apply the *Frentescu* factors de novo to the underlying facts found by the immigration judge. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014).

We review the Board's particularly serious crime determination for abuse of discretion. *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019). While we lack jurisdiction over the Board's ultimate determination, we retain jurisdiction to "review whether 'the agency relied on the appropriate factors and proper evidence to reach [its] conclusion.'" *Id.* (alteration in original) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

The Board did not abuse its discretion in concluding that Valle's drug-trafficking offense is a particularly serious crime. First, the immigration judge found sufficient facts to support the Board's determination. The Board relied on

the immigration judge's factual findings and analysis of why Valle was not merely a "peripheral figure" in the 1994 trafficking offense, the type and length of Valle's sentence, pre-1994 Board decisions discussing "the dangers associated with" drug trafficking, and the fact that Valle offered no evidence to dispute the particularly serious crime determination. In doing so, the Board applied the "appropriate factors"—the *Frentescu* factors—to the "proper evidence"—the immigration judge's factual findings. *See Flores-Vega*, 932 F.3d at 884.

Second, Valle has not identified relevant evidence that the Board failed to consider. Valle argues that his conviction under California Health & Safety Code § 11359 did not involve trafficking in a controlled substance, but his claim is foreclosed by *Roman-Suaste v. Holder*, 766 F.3d 1035 (9th Cir. 2014), in which we held that a conviction under that statute is "categorically an aggravated felony, namely 'illicit trafficking in a controlled substance.'" *Id.* at 1037 (quoting 8 U.S.C. § 1101(a)(43)(B)). Additionally, Valle points to a California state court's expungement of his conviction, the later legalization of certain uses of marijuana in California, the specific facts of his crime and sentence, and his behavior since his conviction. But those arguments go to the weight the Board gave to his conviction, and we lack jurisdiction to "reweigh the evidence and reach our own determination about the crime's seriousness." *Avendano-Hernandez*, 800 F.3d at 1077.

**PETITION DENIED.**