NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO ULISES VASQUEZ, | No. 20-72697 |
| Petitioner, | Agency No. A073-901-912 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2023**
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and DONATO,*** District Judge.

Petitioner Ricardo Ulises Vasquez, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

his appeal of an Immigration Judge's ("IJ") denial of his applications for asylum, cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review de novo whether a state conviction constitutes an aggravated felony and claims of due process violations. *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014); *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). The BIA's factual findings are reviewed for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We find no error in the BIA's determination that Mr. Vasquez was convicted of an aggravated felony and was thus ineligible for asylum and cancellation of removal. An aggravated felony is defined as, inter alia, "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Mr. Vasquez's 2002 California Penal Code § 496(a) conviction for receiving stolen property is a categorical match for generic receipt of stolen property. *See United States v. Flores*, 901 F.3d 1150, 1160–61 (9th Cir. 2018). Mr. Vasquez was originally sentenced to 180 days in jail and three years of probation. However, he was resentenced to sixteen months of imprisonment because he violated his probation. Therefore, Mr. Vasquez was sentenced to more than one year of

imprisonment, which meets the definition of an aggravated felony. *See United States v. Jimenez*, 258 F.3d 1120, 1125 (9th Cir. 2001) ("The fact that this term of imprisonment was not imposed until after he violated his probation is not legally significant."). The BIA did not err in finding that Mr. Vasquez is statutorily precluded from asylum and cancellation of removal. 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i), 1229b(b)(1)(C).

2. The BIA correctly concluded that the IJ did not violate Mr. Vasquez's due process right to a full and fair hearing. Because Mr. Vasquez did not provide the IJ with proof that he had filed post-conviction motions or that his conviction was vacated, the IJ was not required to consider whether Mr. Vasquez was seeking post-conviction relief pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010). On appeal, Mr. Vasquez fails to demonstrate either that his proceeding was fundamentally unfair or that the outcome of the proceeding may have been affected by the IJ's failure to consider post-conviction relief. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) ("The BIA's decision will be reversed on due process grounds if[:] (1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case[;] and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (internal quotation marks and citations omitted)).

3

3. Substantial evidence supports the agency's denial of withholding of removal. Mr. Vasquez did not put forth a particularized social group before the IJ. From his testimony, the IJ presumed that he feared persecution based on membership in the PSG "returning Salvadorans" or "returning Salvadorans who will be perceived as wealthy." Both social groups are too broad to be cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (upholding BIA's determination that "returning Mexicans from the United States" was too broad to qualify as a cognizable social group).[1]

4. Substantial evidence supports the agency's denial of CAT relief. "A petitioner seeking CAT relief must show that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). The evidence in the record does not compel the conclusion that Mr. Vasquez will more likely than not be tortured with the consent or acquiescence of the El Salvadoran government if he returns to El Salvador.

---

[1] Mr. Vasquez presented a new particularized social group for the first time before the BIA. The BIA generally does not consider new proposed social groups on appeal. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 (BIA 2018). Because the BIA did not review the newly asserted group, we do not consider it on appeal. *See* 8 U.S.C. § 1252(d)(1).

The temporary stay of removal shall remain in place until the mandate issues.

**PETITION DENIED.**