**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

KENNETH RANDALE DOOR,
*Defendant-Appellant.*

No. 17-30165

D.C. No.
3:12-cr-05126-RBL-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 7, 2018
Seattle, Washington

Filed March 12, 2019

Before: Sidney R. Thomas, Chief Judge, and M. Margaret
McKeown and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Criminal Law

Vacating a sentence and remanding for resentencing, the panel held that, in setting the defendant's base offense level under U.S.S.G. § 2K2.1(a)(2), his prior Washington State conviction for felony harassment qualified as a crime of violence but his prior conviction for second degree assault did not.

Consistent with *United States v. Werle*, 877 F.3d 879 (9th Cir. 2017), the panel held that the defendant's 1997 conviction for felony harassment, in violation of Wash. Rev. Code §§ 9A.46.020(1)(a)(i) and (2)(B), qualified as a crime of violence, as defined in U.S.S.G. § 4B1.2. Applying the categorical approach, the panel held that the conviction qualified as a crime of violence under § 4B1.2(a)'s force clause because it necessarily entailed the threatened use of violent physical force.

The panel held that the district court erred in concluding that the defendant's 2002 conviction for second degree assault, in violation of Wash. Rev. Code § 9A.36.021(1)(c), qualified as a crime of violence. Under *United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017), the conviction did not qualify under the force clause of § 4B1.2(a). The panel held that second degree assault also did not qualify as a crime of violence under § 4B1.2(a)'s residual clause because the offense, in the ordinary case, does not present a serious

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

potential risk of physical injury to another, and it is not similar in kind to the crimes listed in the enumerated offenses clause.

The panel therefore vacated the sentence and remanded for resentencing. The panel addressed other issues in a concurrently-filed memorandum disposition.

## COUNSEL

Carlton Gunn (argued), Pasadena, California, for Defendant-Appellant.

Helen J. Brunner (argued), First Assistant United States Attorney; Annette L. Hayes, United States Attorney; United States Attorney's Office, Seattle, Washington; for Plaintiff-Appellee.

## OPINION

CHRISTEN, Circuit Judge:

Defendant Kenneth Randale Door appeals the sentence the district court imposed after he was convicted of several offenses in 2014. At his 2017 sentencing hearing, the district court determined that Door's base offense level should be 24 pursuant to United States Sentencing Guideline (U.S.S.G.) § 2K2.1(a)(2) after concluding that Door's prior Washington state convictions for second-degree assault and felony harassment qualify as crimes of violence. Door contends these offenses do not constitute crimes of violence and that his offense level was thus calculated incorrectly. Consistent

with *United States v. Werle*, 877 F.3d 879, 884 (9th Cir. 2017), we hold that Door's 1997 conviction for felony harassment, in violation of the Revised Code of Washington (Wash. Rev. Code) §§ 9A.46.020(1)(a)(i) and (2)(b), qualifies as a crime of violence. Door's argument to the contrary disregards that the framework for the "crime of violence" analysis differs depending on whether the prior offense is alleged to constitute a crime of violence pursuant to the force clause, the enumerated offenses clause, or the residual clause of U.S.S.G. § 4B1.2(a). The district court did err, however, in concluding that Door's 2002 conviction for second-degree assault, in violation of Wash. Rev. Code. § 9A.36.021(1)(c), qualifies as a crime of violence. *See United States v. Robinson*, 869 F.3d 933, 941 (9th Cir. 2017); *see also United States v. Vederoff*, 914 F.3d 1238, 1244–46 (9th Cir. 2019). Accordingly, we vacate Door's sentence and remand for resentencing.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

A search of Door's home in 2011 led to the discovery of two handguns, some magazines loaded with ammunition, two military grade ballistic vests (body armor), an explosive device known as a "seal bomb," two digital scales, drug packaging materials, and two drug pipes containing methamphetamine residue. These discoveries led to Door's indictment in 2012; he was charged with being a Felon in

---

[1] Door also contends that he was improperly convicted of possessing body armor, challenges the application of an enhancement for possessing a firearm in connection with another felony, and argues that his case should be reassigned if remanded. In a concurrently filed memorandum disposition, we affirm the body armor conviction and sentencing enhancement, and decline to reassign the case on remand.

Possession of a Firearm, a Violent Felon in Possession of Body Armor, and a Felon in Possession of an Explosive. In 2014, a jury convicted Door of each count. Door received a 300-month sentence, but for reasons not pertinent to this appeal, we vacated Door's sentence and remanded for resentencing.

On remand, the probation officer recommended a base offense level of 24 because the officer concluded that Door's prior Washington state convictions for second-degree assault and felony harassment constitute crimes of violence. *See* U.S.S.G. § 2K2.1(a)(2) (providing that a base offense level of 24 applies "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense"). A total offense level of 32 and Door's criminal history category of VI yielded a guideline imprisonment range of 210 to 262 months. The probation officer recommended 276 months of imprisonment due to Door's extensive criminal history. This represented the maximum sentence for each count, served consecutively. Door argued that his prior convictions for second-degree assault and felony harassment were not "crime[s] of violence" as defined in U.S.S.G. § 4B1.2, and thus his base offense level should only be 14.

At the resentencing hearing held in 2017, the district court ruled that Door's prior convictions for second-degree assault and felony harassment qualified as crimes of violence pursuant to U.S.S.G. § 4B1.2. The court concluded that Door had a total offense level of 32 and imposed a sentence of 276 months.

**ANALYSIS**

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo whether a state-law crime constitutes a crime of violence under the [Federal Sentencing] Guidelines." *Robinson*, 869 F.3d at 936.

To determine whether a prior conviction qualifies as a crime of violence, we apply the categorical approach first outlined in *Taylor v. United States*, 495 U.S. 575 (1990). The categorical approach requires courts to compare the elements of the statute of conviction with the federal definition of "crime of violence" to determine whether the statute of conviction criminalizes a broader range of conduct than the federal definition captures. *United States v. Edling*, 895 F.3d 1153, 1155 (9th Cir. 2018). The 2013 Sentencing Guidelines define the term "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the force clause or the elements clause*], or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [*known as the enumerated offenses clause*], or otherwise involves conduct that presents a serious potential risk of

physical injury to another [*known as the residual clause*].

U.S.S.G. § 4B1.2(a) (2013).**²**

When determining whether a prior conviction constitutes a crime of violence, the precise inquiry differs depending on whether the offense is alleged to qualify as a crime of violence pursuant to the force clause, the enumerated offenses clause, or the residual clause. *See, e.g.*, *Edling*, 895 F.3d at 1156–58 (determining whether prior convictions qualified as crimes of violence pursuant to the force clause and the enumerated offenses clause); *United States v. Adkins*, 883 F.3d 1207, 1213–15 (9th Cir. 2018) (determining whether prior convictions qualified as crimes of violence pursuant to the residual clause). An offense constitutes a "crime of violence" if it qualifies under any one of the three clauses. *See Edling*, 895 F.3d at 1155. Throughout this analysis, we "presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized" by the statute of conviction. *Moncrieffe v. Holder*, 569 U.S. 184, 191–92 (2013) (alterations in original) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

---

**²** The relevant Sentencing Guidelines are those in effect on the date of the defendant's first sentencing hearing. *See* 18 U.S.C. § 3742(g)(1). Door's first sentencing hearing occurred when the 2013 Guidelines were in effect. Although the residual clause was later omitted from the Guidelines' definition of a crime of violence, we do not apply the amendment retroactively because it substantively changed the Guidelines. *United States v. Adkins*, 883 F.3d 1207, 1211–12 (9th Cir. 2018).

**A. Applying the Categorical Analysis to the Sentencing Guidelines' Force Clause, Enumerated Offenses Clause, and Residual Clause**

To determine whether a prior conviction qualifies pursuant to the force clause, the question is whether the crime of conviction "has as an element the use or threatened use of physical force against the person of another, with 'physical force' understood to mean in this context '*violent* force—that is, force capable of causing physical pain or injury to another person.'" *Edling*, 895 F.3d at 1156 (quoting *Johnson*, 559 U.S. at 140). If the crime of conviction necessarily entails the use or threatened use of violent physical force, it is considered a categorical match for a crime of violence pursuant to the force clause of § 4B1.2(a)(1), and the inquiry ends. *See id.*; *see also Stokeling v. United States*, 139 S. Ct. 544, 554–55 (2019).

A prior offense constitutes a crime of violence pursuant to the enumerated offenses clause if the elements of one of the generic federal crimes listed in that clause fully subsume the elements of the crime of conviction. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *United States v. Peterson*, 902 F.3d 1016, 1021–22 (9th Cir. 2018). A generic federal crime is defined by looking to the common law, the Model Penal Code, treatises, and the laws of other states. *See Vederoff*, 914 F.3d at 1245; *United States v. Esparza-Herrera*, 557 F.3d 1019, 1022–23 (9th Cir. 2009). If the crime of conviction falls within the generic federal definition—meaning it does not punish a broader range of conduct than the generic offense—the conviction qualifies as a crime of violence. *See, e.g.*, *Mathis*, 136 S. Ct. at 2248.

We use a two-part test to assess whether an offense is categorically a crime of violence pursuant to the residual clause in § 4B1.2(a)(2). *Adkins*, 883 F.3d at 1213. "First, the 'conduct encompassed by the elements of the offense, in the ordinary case, must present a serious potential risk of physical injury to another.'" *Id.* (quoting *United States v. Park*, 649 F.3d 1175, 1177–78 (9th Cir. 2011)). "Second, the prior offense must be 'roughly similar, in kind as well as in degree of risk posed'" to the crimes listed in the enumerated offenses clause. *Id.* (quoting *Park*, 649 F.3d at 1178). To determine whether the offense is "similar in kind" to the listed crimes, we consider "whether the predicate offense involves 'purposeful, violent, and aggressive conduct.'" *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 145 (2008)). Both criteria must be satisfied for a prior offense to constitute a crime of violence pursuant to the residual clause of § 4B1.2(a)(2). *Id.*

If the statute of conviction does not qualify as a categorical match pursuant to the force clause, the enumerated offenses clause, or the residual clause, the court considers whether the statute of conviction's elements are divisible. *See, e.g.*, *Edling*, 895 F.3d at 1156, 1159; *Adkins*, 883 F.3d at 1215; *Robinson*, 869 F.3d at 938. A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S. Ct. at 2249. If the statute of conviction is not a categorical match and is indivisible, it is not a crime of violence. *See id.* at 2248–49. If the statute of conviction is not a categorical match and is divisible, then the court applies the modified categorical approach and "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249 (citing *Shepard v.*

*United States*, 544 U.S. 13, 26 (2005)). We then apply the force clause, the enumerated offenses clause, or the residual clause analysis to the *specific crime of conviction* to determine whether it is a crime of violence. *See id.*

### B. Door's Prior Conviction for the Washington Crime of Felony Harassment Qualifies as a Crime of Violence Pursuant to the Force Clause.

Door was convicted in 1997 of felony harassment in violation of Wash. Rev. Code §§ 9A.46.020(1)(a)(i) and (2)(b) for "threatening to kill" a person.[3] We previously

---

[3] At the time of Door's conviction in 1997, the Washington harassment statute provided the following:

> (1) A person is guilty of harassment if:
>
>> (a) Without lawful authority, the person knowingly threatens:
>>
>>> (i) To cause bodily injury in the future to the person threatened or to any other person; or
>>>
>>> (ii) To cause physical damage to the property of a person other than the actor; or
>>>
>>> (iii) To subject the person threatened or any other person to physical confinement or restraint; or
>>>
>>> (iv) Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and

analyzed this statute in *Werle*, and held that a conviction pursuant to the "threat to kill" subsection of the statute constitutes a crime of violence pursuant to the force clause of § 4B1.2(a)(1).**4**    *Werle*, 877 F.3d at 883–84.    Because a conviction pursuant to Wash. Rev. Code § 9A.46.020(2)(b) requires that a defendant be found guilty of knowingly threatening to kill a person, this offense  necessarily entails the threatened use of violent physical force against another person, as required by § 4B1.2(a)(1).    *Id.*    Thus, Door's

---

(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out.

(2) A person who harasses another is guilty of a gross misdemeanor punishable under chapter 9A.20 RCW, except that the person is guilty of a class C felony if either of the following applies:

(a) The person has previously been convicted in this or any other state of any crime of harassment, as defined in RCW 9A.46.060, of the same victim or members of the victim's family or household or any person specifically named in a no-contact or no-harassment order; or

(b) the person harasses another person under subsection (1)(a)(i) of this section by threatening to kill the person threatened or any other person.

Wash. Rev. Code § 9A.46.020.

**4** In *Werle*, we assessed the amended version of Wash. Rev. Code § 9A.46.020. 877 F.3d at 882. Although Door's conviction occurred prior to the statutory amendment, the relevant language in the earlier version of the felony harassment statute is substantially the same as the amended version reviewed in *Werle*.

conviction for the Washington crime of felony harassment qualifies as a crime of violence for sentencing purposes.

Door contends that we are not bound by *Werle*'s holding, observing that in *Werle*, the defendant never argued his prior Washington felony harassment conviction failed to qualify as a crime of violence on account of Washington's version of aiding and abetting, which is broader than the federal definition of aiding and abetting. As Door's argument goes, because every Washington criminal statute incorporates aiding and abetting, all Washington criminal statutes are overbroad, and therefore *all* Washington state convictions fail to qualify as crimes of violence—an argument inspired by *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017). Door's argument, however, overlooks the analytical difference between the force clause and the enumerated offenses clause of U.S.S.G. § 4B1.2(a).

In *Valdivia-Flores*, this court assessed whether a conviction for violating a Washington drug-trafficking law, Wash. Rev. Code § 69.50.401, constituted an "aggravated felony" for purposes of the Immigration and Nationality Act (INA). *Valdivia-Flores*, 876 F.3d at 1206. Applying *Taylor*'s categorical approach, we considered "whether the state statute defining the crime of conviction categorically fit[] within the generic federal definition of a corresponding aggravated felony." *Id.* (quoting *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014)). Valdivia-Flores's crime of conviction was overbroad because: (1) aiding and abetting is included in every Washington criminal statute; (2) Washington defines aiding and abetting more broadly than federal law because it merely requires knowledge, whereas federal law requires a mens rea of specific intent; and (3) accomplice and principal liability are indivisible under

Washington law. *Id.* at 1207–10. Concluding that Valdivia-Flores's prior offense did not qualify as an "aggravated felony," we observed that it may be that "no Washington state conviction can serve as an aggravated felony at all." *Id.* at 1209–10.

Door's reliance on *Valdivia-Flores* is misplaced. The categorical analysis in *Valdivia-Flores* involved comparing the elements of the Washington drug trafficking crime with the generic federal offense of drug trafficking because "drug trafficking" is listed in the INA as an "aggravated felony." *See id.* at 1206–07. In other words, the categorical analysis employed in *Valdivia-Flores* mirrors the inquiry under the *enumerated offenses* clause of U.S.S.G. § 4B1.2(a)(2). *Werle*, on the other hand, held that a prior conviction for Washington felony harassment constitutes a crime of violence pursuant to the *force* clause of § 4B1.2(a)(1). Because a conviction for violating Wash. Rev. Code § 9A.46.020(2)(b) necessarily entails the threatened use of violent physical force, it qualifies as a crime of violence pursuant to the force clause, and our inquiry ends there. We need not compare the elements of the crime of conviction with the elements of the generic federal crime when analyzing whether an offense qualifies as a crime of violence pursuant to the force clause of § 4B1.2(a). *Compare Peterson*, 902 F.3d at 1016, 1021–22, *with Edling*, 895 F.3d at 1156–58. *Valdivia-Flores* is consistent with *Werle*.

**C. Door's Prior Conviction for the Washington Crime of Second-Degree Assault Does Not Qualify as a Crime of Violence**.

Door was convicted in 2002 of second-degree assault in violation of Wash. Rev. Code § 9A.36.021(1)(c).[5]     In *Robinson*, we held that Washington's crime of second-degree assault did not qualify as a crime of violence pursuant to the

---

[5] At the time of Door's conviction in 2002, the Washington second-degree assault statute provided the following:

(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

(a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or

(b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by intentionally and unlawfully inflicting any injury upon the mother of such child; or

(c) Assaults another with a deadly weapon; or

(d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison or any other destructive or noxious substance; or

(e) With intent to commit a felony, assaults another; or

(f) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture.

Wash. Rev. Code § 9A.36.021(1).

force clause of U.S.S.G. § 4B1.2(a)(1).[6]  869 F.3d at 937–38. However, *Robinson* did not address whether second-degree assault constitutes a crime of violence pursuant to the residual clause of § 4B1.2(a)(2).[7]

Applying the two-part residual clause test, we hold that Wash. Rev. Code § 9A.36.021(1) is not a crime of violence because the offense, in the ordinary case, does not "present a serious potential risk of physical injury to another." *Adkins*, 883 F.3d at 1213 (quoting *Park*, 649 F.3d at 1177–78). The Washington second-degree assault statute encompasses assault with intent to commit a felony. Wash. Rev. Code § 9A.36.021(1)(e). This includes the intent to commit any non-violent felony offense. The "assault" may also be non-violent because Washington defines assault broadly to include "an intentional touching . . . that is harmful or offensive regardless of whether any physical injury is done to the person." *State v. Smith*, 154 P.3d 873, 875 (Wash. 2007) (en banc); *see also Robinson*, 869 F.3d at 938 n.7. Thus, a defendant may violate Wash. Rev. Code § 9A.36.021(1)(e) in

---

[6] In *Robinson*, we assessed the amended version of Wash. Rev. Code § 9A.36.021(1). 869 F.3d at 937 n.6. The statute was amended after Door's conviction to include a seventh subsection, (1)(g) which prohibits "[a]ssaults . . . by strangulation or suffocation." *Id.*

[7] *Robinson* also did not address the enumerated offenses clause. To the extent the government argues that second-degree assault qualifies as a crime of violence pursuant to the enumerated offenses clause, we decline to address this argument, raised for the first time on appeal. *See United States v. Fomichev*, 899 F.3d 766, 770 (9th Cir. 2018), *as amended by* 909 F.3d 1078 (9th Cir. 2018). Further, the argument is foreclosed by *Vederoff. See Vederoff*, 914 F.3d at 1246.

a way that poses no serious risk of physical injury to others.[8] Because Door "could have been convicted on the basis of conduct that did not present a serious risk of physical injury to another," a prior conviction for Washington second-degree assault does not qualify as a crime of violence. *See United States v. Simmons*, 782 F.3d 510, 519 (9th Cir. 2015) (quoting *United States v. Kelly*, 422 F.3d 889, 893 (9th Cir. 2005)); *see also United States v. Lee*, 821 F.3d 1124, 1128–29 (9th Cir. 2016) (holding that California's crime of battery committed against a custodial officer does not qualify as a crime of violence pursuant to the residual clause because "the least touching may constitute battery" (quoting *People v. Mesce*, 60 Cal. Rptr. 2d 745, 756 (Cal. Ct. App. 1997)).

Wash. Rev. Code § 9A.36.021(1) also fails to satisfy the second part of the residual clause test because it is not "similar in kind" to the crimes listed in the enumerated offenses clause, which typically involve "purposeful, violent, and aggressive conduct." *Adkins*, 883 F.3d at 1213 (quoting *Begay*, 553 U.S. at 145). As discussed, the Washington crime of second-degree assault can be committed by offensive touching, *see Smith*, 154 P.3d at 875, which would not involve "violent" or "aggressive" conduct.

The Washington second-degree assault statute is indivisible, thus the modified categorical approach is inapplicable. *Robinson*, 869 F.3d at 941. The district court erred by concluding that Door's prior second-degree assault conviction qualifies as a crime of violence pursuant to the residual clause.

---

[8] For example, a defendant may be convicted of assault with intent to commit a felony for touching a minor's body in a sexual manner. *See Robinson*, 869 F.3d at 938 n.7.

**D.  Remand is Required**

The Sentencing Guidelines direct that a base offense level of 24 applies if the defendant has two or more felony convictions that qualify as a "crime of violence." U.S.S.G. § 2K2.1(a)(2). A mistake in calculating the Guidelines sentencing range generally requires us to remand for resentencing. *United States v. Bankston*, 901 F.3d 1100, 1107 (9th Cir. 2018). Door's conviction for the Washington crime of felony harassment qualifies as a crime of violence, but the district court erred in holding that Door's conviction for the Washington crime of second-degree assault constitutes a crime of violence. Because Door only had one conviction that qualified as a crime of violence, his base offense level should have been 20. *See* U.S.S.G. § 2K2.1(a)(4). The district court therefore erred in calculating Door's base offense level and remand is required.

**Sentence VACATED; REMANDED for resentencing.**