**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30211 |
| Plaintiff-Appellee, | D.C. No. 9:17-cr-00023-DLC-1 |
| v. | |
| RYAN DOUGLAS LASALLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted October 24, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

Lasalle appeals the sentence the district court imposed after it revoked his

probation.  Lasalle pleaded guilty to one count of felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1).  Lasalle was sentenced to probation, but his

probation was revoked and he was resentenced.  In calculating Lasalle's new

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

sentence, the district court relied on the Presentence Investigation Report (PSR) prepared for sentencing on his firearms charge. The PSR concluded that a prior conviction for criminal distribution of cocaine under Mont. Code Ann. § 45–9–101 qualified as a "controlled substance offense" for purposes of U.S.S.G. § 2K2.1(a)(4)(A). Lasalle challenges that conclusion.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's ruling. Because Lasalle did not object to the calculation of his guidelines in district court, the district court's sentencing calculation is reviewed for plain error. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019); Fed. R. Crim. P. 52(b).

"Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton,* 535 U.S. 625, 631 (2002)). If those three conditions are met, the court "may then exercise its discretion to grant relief if the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (quoting *Ameline*, 409 F.3d at 1078). The burden of establishing plain error "is on the defendant claiming it." *Rosales–Mireles v. United States*, 138 S. Ct. 1897, 1915 (2018) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)).

In determining whether the prior Montana conviction qualifies as a predicate offense under the guidelines, we use the categorical approach first outlined in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Door*, 917 F.3d 1146, 1150 (9th Cir. 2019). This approach "compare[s] the elements" of the state offense to its federal counterpart to determine if the state offense "criminalizes a broader range of conduct than the federal definition captures." *United States v. Edling*, 895 F.3d 1153, 1155 (9th Cir. 2018). If the state offense "proscribes the same amount of or less conduct than" the federal counterpart, the state offense qualifies as a controlled substance offense, "ending [the] analysis." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (citations and internal quotations omitted).

Lasalle argues that Montana statute Mont. Code Ann. § 45–9–101 is broader than the federal definition of a controlled substance offense because Montana's definition of cocaine encompasses more substances than the definition in the CSA. *Compare* Mont. Code Ann. § 50–32–224(1)(d), *with* 21 U.S.C. § 812 Schedule

II(a)(4).[1]  The Government responds that the Montana statutory definition is a categorical match to the federal *regulatory* definition, so Lasalle's state conviction qualifies as a prior controlled substance offense for purposes of U.S.S.G. § 2K2.1(a)(4)(A).  21 C.F.R. § 1308.12(b)(4).

At the time the district court ruled, it was not "clear or obvious" that the court should have looked at the CSA's definition of cocaine instead of the regulatory definition.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

First, the Ninth Circuit has relied upon the federal regulatory definitions of controlled substances when conducting the *Taylor* categorical approach. *Coronado v. Holder*, 759 F.3d 977, 983 (9th Cir. 2014); 21 U.S.C. § 811; *see also* 21 U.S.C. § 812(c) n.1.  The implementing regulations are recognized as, and intended to be, the up-to-date federal definitions.  It was therefore not clear or obvious that the definition of cocaine in the CSA, rather than the definition in the corresponding regulation, should be the controlling definition for the purposes of the *Taylor* analysis.

---

[1]  Lasalle also challenges the DEA's authority to add substances to the schedules and its compliance with administrative procedural requirements when it updated the definition of cocaine.  21 U.S.C. § 812(c); 21 U.S.C. § 811(a)(1). However, Lasalle likely waived these arguments by raising them for the first time in his reply brief, *Christian Legal Soc'y v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010), and, to the extent that he did not, the court finds these arguments unpersuasive.

Second, Montana last amended its definition of cocaine 22 years ago, and the definition it adopted was based on the federal regulatory definition. 1997 Mont. Laws Ch. 113 (H.B. 165). More than twenty years of reliance on the regulatory definition undercuts Lasalle's argument that there was a clear and obvious error. Because Lasalle's theory of this case involves a novel *Taylor* analysis, the district court did not commit plain error.

**AFFIRMED.**