**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 29 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10323 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-00018-JCM-GWF-1 |
| v. | |
| LEON BENZER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before: BENNETT and LEE, Circuit Judges, and PIERSOL,** District Judge.

Leon Benzer appeals his 151-month sentence for his role in a conspiracy that

defrauded a homeowner association of millions of dollars. Benzer argues that the

district court, among other things, committed procedural error by miscalculating

his loss figure. We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

1.    Factual background: Leon Benzer and his cabal of co-conspirators concocted a sophisticated scheme to defraud homeowner associations of new condominium developments in the Las Vegas area. Using straw purchasers, Benzer packed association boards with members who would hire a co-conspirator lawyer to handle construction defect litigation and would also steer millions of dollars of remediation work to his company, which ended up performing only minimal work. For the Vistana homeowner association, Benzer directed the board to replace the law firm handling Vistana's construction defect litigation with his co-conspirator attorney Nancy Quon. Quon settled the suit, securing $19 million for Vistana. Quon received over $5 million of that amount as compensation.

Benzer was eventually arrested, charged, and pleaded guilty, though his original sentence was vacated by this court and his case was remanded for resentencing. *See United States v. Ball*, 711 F. App'x 838, 845–46 (9th Cir. 2017) (unpublished). At resentencing, the court found Benzer to have caused a loss of $12.4 million in the course of his conspiracy. This resulted in a 20-level enhancement to his sentence. Benzer was sentenced to 151-months in prison, the high-end of the resulting Guidelines range.

2.    Miscalculation of loss figure: Benzer initially argues that the district court committed reversible procedural error by miscalculating his loss figure. He claims that the court failed to offset his loss amount by the fair market value of the

2

services provided by his attorney co-conspirators to the victims as required by the United States Sentencing Guidelines Manual, § 2B1.1, application note 3(E)(i). The claimed value of these services was over $5 million dollars, though most of that figure derives from Quon's fees for negotiating the settlement. The district court disagreed, expressly finding that the services were "skewed," illegitimate, and lacking any value, and set Benzer's loss figure at $12.4 million.

On appeal, the government argues for the first time — and Benzer agrees — that the district court applied the wrong (2016) Guidelines version at resentencing. Because this court vacated Benzer's original sentence and remanded, the resentencing proceedings should have been conducted using the 2014 Guidelines. *See* 18 U.S.C. § 3742(g)(1) (the district court must "apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal"); *see also United States v. Door*, 917 F.3d 1146, 1150 n.2 (9th Cir. 2019).

Because the issue was raised for the first time on appeal, we review for plain error. *See* Fed. R. Crim. P. 52(b); *see also United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011). Under this standard, "reversal is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Pelisamen*, 641 F.3d at 404 (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

By applying the wrong Guidelines version, there was both error and it was plain. But the error does not affect Benzer's substantial rights because his enhancement would have been identical under the proper 2014 Guidelines. *Compare* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(K) (U.S. Sentencing Comm'n 2016) (20-level enhancement if loss is between $9.5 million and $25.0 million), *with* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(K) (U.S. Sentencing Comm'n 2014) (20-level enhancement if loss is between $7.0 million and $20.0 million). This court has held that where a district court applies an incorrect Guidelines version, but the error does not cause the enhancement to differ, such error does not affect a defendant's substantial rights. *See United States v. Benitez-Perez*, 367 F.3d 1200, 1205–06 (9th Cir. 2004). That is the case here.

Furthermore, Benzer's argument on the merits still fails because the district court did not commit reversible error by finding that Benzer's co-conspirator attorneys' services lacked any value. For factual findings made at sentencing, including amounts of loss in fraud cases, we review for clear error. *See United States v. Popov*, 742 F.3d 911, 914 (9th Cir. 2014).

It is self-evident that Benzer's attorney co-conspirators violated the duty of loyalty owed to their client-victims. Where an attorney violates that duty, fees received are subject to disgorgement. *See* Restatement (Third) of The Law Governing Lawyers § 37 (Am. Law Inst. 2000); *see also Rodriguez v. Disner*, 688

4

F.3d 645, 653 (9th Cir. 2012) ("In determining what fees are reasonable, a district court may consider a lawyer's misconduct, which affects the value of the lawyer's services."); *Silbiger v. Prudence Bonds Corp.*, 180 F.2d 917, 920 (2d Cir. 1950) (Learned Hand, J.) (noting that where an attorney represents opposing interests, "the usual consequence has been that he is debarred from receiving any fee from either, no matter how successful his labors").

Because fees are subject to disgorgement when an attorney represents opposing interests, those services rendered may be deemed valueless. Consequently, we cannot say that the court clearly erred by finding Benzer's co-conspirator attorneys' services lacking in fair market value.

3.    <u>Reliance on clearly erroneous facts:</u> Benzer also claims that the court committed procedural error by relying on clearly erroneous facts at resentencing. Claims of procedural error at sentencing are reviewed for abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). "[A] finding is clearly erroneous if it is illogical, implausible, or without support in the record." *United States v. Burgos-Ortega*, 777 F.3d 1047, 1056 (9th Cir. 2015) (internal quotation marks and citation omitted).

The supposed erroneous facts relied upon include several references by the court to a jury trial despite Benzer pleading guilty, as well as an allegedly mistaken belief by the court that Benzer was originally sentenced at the high-end of the

Guidelines range, when it had sentenced Benzer at the low-end of the range. But the district court's misstatements were immediately corrected by counsel and acknowledged by the court.

4.     Substantive unreasonableness: Finally, Benzer claims that his sentence is substantively unreasonable because the court failed to sufficiently account for Benzer's mitigating circumstances. Claims of substantive unreasonableness are evaluated under an abuse of discretion standard that requires this court to "take into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). The record shows that the district court did not abuse its discretion in weighing the sentencing factors. The court considered the mitigating factors proffered by Benzer, but it also considered the nature and circumstances of the offense and the need for a sentence to reflect the crime.

**AFFIRMED.**