FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4723 |
| *Plaintiff - Appellee,* | D.C. No. 3:23-cr-00144-HZ-1 |
| v. | |
| JESSIE CHAVEZ-ECHEVERRIA, | OPINION |
| *Defendant - Appellant*. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted October 23, 2025
Portland, Oregon

Filed March 25, 2026

Before: William A. Fletcher, Morgan B. Christen, and
Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Christen

# SUMMARY[*]

## Criminal Law

Affirming Jessie Chavez-Echeverria's sentence, the panel held that the district court properly increased his base offense level pursuant to U.S.S.G. § 2K2.1(a)(1) on the ground that his prior sentence for attempted first-degree assault under Or. Rev. Stat. §§ 163.185(1)(a), 161.405 qualifies as a crime of violence.

Under *United States v. Linehan*, 56 F.4th 693, 702 (9th Cir. 2022), "attempted use" of physical force means a "substantial step" toward the use of physical force. *Linehan* adopted this established meaning of "attempt" without requiring the "probable desistance" test that this court has applied to substantive criminal offenses. The panel concluded that because an Oregon conviction for attempted first-degree assault requires a defendant to take a substantial step toward causing serious physical injury to another, it qualifies as a crime of violence under the "force clause" in U.S.S.G. § 4B1.2(a). The district court therefore did not err by increasing Chavez-Echeverria's base offense level pursuant to § 2K2.1(a)(1).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Suzanne Miles (argued), Criminal Appellate Chief; Leah K. Bolstad, Sarah Barr, and Kelly A. Zusman, Assistant United States Attorneys; William M. Narus, Acting United States Attorney; Office of the United States Attorney, United States Department of Justice, Portland, Oregon; for Plaintiff-Appellee.

Elizabeth G. Daily (argued) and Tihanne Mar-Shall, Assistant Federal Public Defenders; Erin J. Severe, Research & Writing Attorney; Office of the Federal Public Defender, Portland, Oregon; for Defendant-Appellant.

## OPINION

CHRISTEN, Circuit Judge:

The only issue in this sentencing appeal is whether the district court erred when it increased Jessie Chavez-Echeverria's base offense level because it concluded that his prior Oregon conviction for attempted first-degree assault qualifies as a crime of violence. Pursuant to the Sentencing Guidelines, crimes of violence include offenses that have as an element the "attempted use" of physical force against the person of another. Under our precedent, "attempted use" of physical force means a substantial step toward the use of physical force. *United States v. Linehan*, 56 F.4th 693, 702 (9th Cir. 2022). Because an Oregon conviction for attempted first-degree assault requires a defendant to take a substantial step toward causing serious physical injury to another, we affirm the sentence imposed by the district court.

**I**

In 2024, Chavez-Echeverria pleaded guilty without a plea agreement to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). At sentencing, the government sought a base offense level of 26 pursuant to § 2K2.1(a)(1) of the Sentencing Guidelines. U.S. Sent'g Guidelines Manual § 2K2.1(a)(1) (U.S. Sent'g Comm'n 2023) ("U.S.S.G."). That base offense level is warranted if: (A) the offense involves certain types of firearms, and (B) "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(1). This appeal implicates only the latter requirement.

Chavez-Echeverria conceded that his 2015 Oregon conviction for third-degree assault qualifies as a first predicate crime of violence, but disputed that his 2021 Oregon conviction for *attempted* first-degree assault qualifies as a second predicate crime of violence. The district court concluded that attempted first-degree assault is a crime of violence. It calculated a Guidelines range of 108 to 135 months of imprisonment and sentenced Chavez-Echeverria to 80 months. Chavez-Echeverria timely appealed.

**II**

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo "whether a state-law crime constitutes a crime of violence under the Guidelines." *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017).

## III

### A

To qualify for a base offense level of 26 pursuant to § 2K2.1(a)(1), a defendant must have previously sustained "at least two felony convictions of . . . a crime of violence." The Guidelines define a crime of violence as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). The first subsection is known as the "force clause" (or "elements" clause)[1] and the second as the "enumerated offenses clause." *See United States v. Door*, 917 F.3d 1146, 1150 (9th Cir. 2019).

To determine whether a prior conviction qualifies as a crime of violence, we apply the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990).

---

[1] We sometimes refer to the force clause as the "elements clause" because it requires that a conviction necessarily "*has as an element* the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (emphasis added).

*Door*, 917 F.3d at 1150. "Under that methodology, instead of assessing the specific facts underlying a given conviction, we consider whether the elements of the statute of conviction meet the [Guidelines'] definition of a 'crime of violence.'" *United States v. Buck*, 23 F.4th 919, 924 (9th Cir. 2022).

The nature of the categorical approach inquiry "differs depending on whether [an] offense is alleged to qualify as a crime of violence pursuant to the force clause" or "the enumerated offenses clause." *Door*, 917 F.3d at 1150. For the force clause, "we only ask whether the prior offense does in fact have" a particular element. *United States v. Alvarez*, 60 F.4th 554, 559 (9th Cir. 2023) (citing *Door*, 917 F.3d at 1150–51); *see also* U.S.S.G. § 4B1.2(a)(1). An offense "can qualify as a categorical match so long as it requires one of the specific uses of force: actual, attempted, or threatened." *Linehan*, 56 F.4th at 701. For the enumerated offenses clause, a prior conviction constitutes a crime of violence "if the elements of one of the generic federal crimes listed in that clause fully subsume the elements of the crime of conviction." *Door*, 917 F.3d at 1151; *see also* U.S.S.G. § 4B1.2(a)(2).

## B

### 1

Our inquiry is limited to the force clause. The prior conviction at issue is attempted first-degree assault under Oregon law. *See* Or. Rev. Stat. §§ 163.185(1)(a), 161.405. The completed offense of first-degree assault prohibits "[i]ntentionally caus[ing] serious physical injury to another by means of a deadly or dangerous weapon." § 163.185(1)(a). The parties agree that the completed offense of first-degree assault requires the use of physical force and therefore qualifies as a crime of violence. But

Chavez-Echeverria argues that attempted first-degree assault does not qualify.

An attempt to commit a crime occurs in Oregon "when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." § 161.405. Thus, attempted first-degree assault "requires that a defendant intentionally engage in conduct that constitutes a substantial step toward causing serious physical injury to another by means of a deadly or dangerous weapon." *Dorn-Privett v. Brown*, 542 P.3d 62, 65 (Or. Ct. App. 2023); *see also* §§ 163.185(1)(a), 161.405.

Under Oregon law, a "substantial step" is conduct that "(1) advance[s] the criminal purpose charged and (2) provide[s] some verification of the existence of that purpose." *State v. Kimbrough*, 431 P.3d 76, 80 (Or. 2018) (quoting *State v. Walters*, 804 P.2d 1164, 1167 (Or. 1991)). "Mere preparation is insufficient to constitute a substantial step." *Walters v. Maass*, 45 F.3d 1355, 1359 (9th Cir. 1995) (applying Oregon law). Oregon's standard for substantial step "codifies the Model Penal Code's 'substantial-step' test for distinguishing acts of preparation from an attempt." *State v. Walters*, 804 P.2d at 1167.

The critical question in this appeal is whether Oregon's requirement that a defendant take a "substantial step" toward causing serious physical injury to another necessarily entails the "attempted use . . . of physical force" required by the force clause in § 4B1.2(a)(1). We previously decided what the phrase "attempted use . . . of physical force" means in *United States v. Linehan*, 56 F.4th 693 (9th Cir. 2022).

*Linehan* addressed whether transporting or receiving an explosive in violation of 18 U.S.C. § 844(d) qualifies as a crime of violence pursuant to the force clause in the federal

solicitation statute, 18 U.S.C. § 373. 56 F.4th at 702.**[2]**  At the time *Linehan* was decided, the Supreme Court had addressed the "actual use" component of force clauses, *see, e.g.*, *Johnson v. United States*, 559 U.S. 133, 140 (2010), and interpreted the "threatened use" of physical force in *United States v. Taylor*, 596 U.S. 845, 854–55 (2022).  But the "'attempted use' component of elements clauses ha[d] received little independent consideration in the case law." *Linehan*, 56 F.4th at 701.  We hypothesized that this might have been because, before *Taylor*, we treated the attempted version of a crime as a crime of violence if the completed offense qualified as one, or it might have been because "many predicate offenses involve the *actual* use of physical force." *Id.* at 701–02.

In *Linehan*, the defendant solicited others to deliver a bomb to the home of a witness in his criminal trial, and we addressed whether the solicited crime of transporting an explosive, § 844(d), is a crime of violence.  *Id.* at 697–98. Because § 844(d) "is a somewhat different breed of crime," which "treats as a completed offense the transportation or receipt" of an explosive with the requisite intent even if the explosive is never detonated, *Linehan* required us to parse the phrase "attempted use" of physical force.  *Id.* at 702.**[3]**

---

[2] Neither party argues that the force clause in § 373 meaningfully differs from the one in § 4B1.2(a)(1).  For present purposes, we treat them as identical.

[3] We suggested in *Linehan* that § 844(d) does not necessarily involve the "threatened use" of physical force because it does not require the communicated intent to inflict harm.  *Linehan*, 56 F.4th at 701 (citing *Taylor*, 596 U.S. at 854–55).  We declined to resolve whether a violation of § 844(d) requires the actual use of physical force because we held "that at the very least, it requires the *attempted use* of such force."  *Id.*

We looked to the established meaning of "attempt," an analytical approach that mirrored the one the Supreme Court employed in *Taylor* just months before *Linehan* was decided. *Id.* There, when considering the "threatened use" of physical force in the force clause contained in 18 U.S.C. § 924(c), the Supreme Court relied on legal dictionaries to give the word "threat" its traditional criminal law meaning. *Taylor*, 596 U.S. at 854–55 & n.2; *see also Morissette v. United States*, 342 U.S. 246, 263 (1952) (noting that when Congress "borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word").

In *Linehan*, after we heard arguments from the parties, we requested supplemental briefing addressing the Supreme Court's newly issued *Taylor* opinion. We then expressly relied on *Taylor* to decide whether the established meaning of "attempt" requires "an individual to engage in conduct that reflects a 'substantial step' toward the wrongful end." *Linehan*, 56 F.4th at 702 (quoting *Taylor*, 596 U.S. at 851); *see also United States v. Hansen*, 599 U.S. 762, 774–75 (2023) (noting that in criminal law, "we would not understand 'attempt' in its ordinary sense of 'try'" and would "instead understand it to mean taking 'a substantial step' toward the completion of a crime with the requisite *mens rea*" (citation modified)); *United States v. Resendiz-Ponce*, 549 U.S. 102, 106–07 (2007) (defining attempt to require conduct "that constitutes a 'substantial step' toward completing the offense" (citation modified)).[4] We

---

[4] Both *Taylor* and *Hansen* relied upon *Resendiz-Ponce*, which derived its attempt definition from the Model Penal Code and a widely used criminal law treatise. *Resendiz-Ponce*, 549 U.S. at 107 (citing Model

concluded that a predicate offense qualifies as a crime of violence under the force clause if it "categorically punish[es] conduct that constitutes a substantial step toward the use of physical force." *Linehan*, 56 F.4th at 702.[5]

*Linehan* elaborated on the meaning of "substantial step" by quoting several of our cases addressing criminal attempt offenses. *See id.* It relied on those cases to expound upon the established meaning of attempt. *Id.*; *see Morissette*, 342 U.S. at 263. *Linehan* explained that to constitute a substantial step within the meaning of the force clause, "conduct 'must go beyond mere preparation and must be strongly corroborative of the firmness of a defendant's criminal intent.'" 56 F.4th at 702 (quoting *United States v. Smith*, 962 F.2d 923, 930 (9th Cir. 1992)). Put another way, "the defendant's conduct must (1) advance the criminal purpose charged, and (2) provide some verification of the existence of that purpose." *Id.* (quoting *United States v. Goetzke*, 494 F.3d 1231, 1235–36 (9th Cir. 2007) (per curiam)). Notably*, Linehan* adopted a definition of "substantial step" facially identical to the one Oregon employs for substantive attempt offenses. *Compare id.* (requiring that a substantial step "(1) advance the criminal purpose charged, and (2) provide some verification of the

---

Penal Code § 5.01(1) (A.L.I. 1985) and 2 Wayne R. LaFave, *Substantive Criminal Law* § 11.4 (2d ed. 2003)).

[5] Other circuits are in accord. *See, e.g.*, *Alvarado-Linares v. United States*, 44 F.4th 1334, 1347 (11th Cir. 2022) (according "attempt," as used in the force clause, its "hornbook criminal-law definition" of "a (1) substantial step plus (2) intent"); *United States v. Bennett*, 972 F.3d 966, 974–75 (8th Cir. 2020); *United States v. States*, 72 F.4th 778, 788–89 (7th Cir. 2023); *United States v. Smith*, 165 F.4th 751, 756–57 (3d Cir. 2026); *United States v. Pastore*, 83 F.4th 113, 121 (2d Cir. 2023).

existence of that purpose" (citation modified)), *with State v. Walters*, 804 P.2d at 1167 (same). Indeed, the language quoted in *Linehan* originates from an Oregon Supreme Court decision, which hewed to the Model Penal Code. *See State v. Walters*, 804 P.2d at 1167.[6]

Following *Linehan*, we give the word "attempt" in § 4B1.2(a) its established meaning. *See United States v. Herrera*, 974 F.3d 1040, 1047 (9th Cir. 2020) (noting that we interpret the Sentencing Guidelines "using the ordinary tools of statutory interpretation" (citation modified)). An offense requires the "attempted use" of physical force within the meaning of § 4B1.2(a) if it necessarily entails "conduct that constitutes a substantial step toward the use of physical force." *See Linehan*, 56 F.4th at 702. Oregon courts have explained that attempted first-degree assault under Oregon law requires showing that a defendant took a substantial step toward causing serious physical injury to another. *See* Or. Rev. Stat. §§ 163.185(1)(a), 161.405; *Dorn-Privett*, 542 P.3d at 65. This compels the conclusion that taking a substantial step toward causing serious physical injury to another necessarily entails taking a substantial step toward the use of physical force. Thus, attempted first-degree assault under Oregon law is a crime of violence pursuant to § 4B1.2(a)(1).

**2**

Resisting this conclusion, Chavez-Echeverria contends that attempted first-degree assault under Oregon law does not necessarily entail the "attempted use" of physical force

---

[6] *Linehan* quoted the definition from *Goetzke*, 494 F.3d at 1235–36, which quoted *Walters v. Maass*, 45 F.3d at 1358–59, which in turn quoted *State v. Walters*, 804 P.2d at 1167. *State v. Walters* quoted the Model Penal Code. *See id.*

because Oregon's construction of "substantial step" is broader than the federal definition.  More specifically, he argues that by citing Ninth Circuit caselaw, *Linehan* imported into the force clause analysis the so-called "probable desistance" test that we have applied to substantive criminal offenses.  We disagree.

The "probable desistance" test provides that "a suspect crosses the line separating preparation from attempt when his actions 'unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances.'"  *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1102 (9th Cir. 2011) (alteration in original) (quoting *Goetzke*, 494 F.3d at 1237); *see also* 2 Wayne R. LaFave, *Substantive Criminal Law* § 11.4(c) (3d ed. 2025).[7]  We integrated the common-law probable desistance test into our substantial step inquiry for substantive criminal offenses in *United States v. Buffington*, 815 F.2d 1292, 1302 (9th Cir. 1987).[8]  Thus, when analyzing whether a defendant has attempted a substantive criminal offense, we have held that

---

[7] The name "probable desistance" stems from the notion that a culpable attempt occurs when the actor "reache[s] a point" where it is "unlikely that he would have voluntarily desisted from his efforts to commit the crime."  Am. Law. Inst., *Model Penal Code & Commentaries Part I* § 5.01, at 324–25 (1985); *see also* 2 Wayne R. LaFave, *Substantive Criminal Law* § 11.4(c) (3d ed. 2025).

[8] Our decision in *Buffington*, 815 F.2d at 1302, quoted the Fifth Circuit's decision in *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir. 1974), which in turn quoted a formulation that traces back to *People v. Miller*, 42 P.2d 308, 309 (Cal. 1935) ("There must be some appreciable fragment of the crime committed, and it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter." (quoting 1 Francis Wharton, *Wharton's Criminal Law* § 225 (12th ed. 1932))).

a defendant's actions "constitute a substantial step" if they "unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances." *Goetzke*, 494 F.3d at 1237 (citation modified); *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1107 (9th Cir. 2009) (stating that a "'step toward commission of the crime' must be 'of such substantiality that, unless frustrated, the crime would have occurred'" (citation modified)); *see also United States v. Garcia-Jimenez*, 807 F.3d 1079, 1088 (9th Cir. 2015) (acknowledging our precedent holding that the probable desistance test has been incorporated into the federal generic version of attempt).

However, the Model Penal Code formulation of attempt liability, which Oregon has codified, *see* § 161.405(1), does not include a "probable desistance" test. *See* Model Penal Code § 5.01(1), (2) (A.L.I. 1985). In fact, after outlining several common-law tests for attempt liability, including the probable desistance test, the Model Penal Code's commentary expressly notes that its test requires "no finding . . . as to whether the actor would probably have desisted prior to completing the crime." Am. Law. Inst., *Model Penal Code & Commentaries Part I* § 5.01, at 330 (1985). The commentary further recognizes that, by "shift[ing] the emphasis from what remains to be done" to "what the actor has already done," its "substantial step" approach "will broaden the scope of attempt liability." *Id.* at 329; *see also* 2 Wayne R. LaFave, *Substantive Criminal Law* § 11.4(c), (e) (3d ed. 2025) (distinguishing the probable desistance approach from the Model Penal Code's substantial step approach).[9]

---

[9] We assume without deciding that the Model Penal Code's approach to the substantial step test may encompass a broader scope of culpable

Chavez-Echeverria argues that *Linehan* grafted the "probable desistance" test that we have applied to substantive criminal offenses onto the meaning of substantial step for purposes of the force clause analysis. We disagree.

*Linehan* did not identify the probable desistance test that we have applied to substantive attempt crimes because the force clause does not direct us to identify the elements of a "generic" attempt offense. *See Shular v. United States*, 589 U.S. 154, 158 (2020). The force clause does not concern whether attempting a particular crime under state law is comparable to attempting that crime under federal law. *See Door*, 917 F.3d at 1153 ("We need not compare the elements of the crime of conviction with the elements of the generic federal crime when analyzing whether an offense qualifies as a crime of violence pursuant to the force clause of § 4B1.2(a)."). Indeed, although the force clause uses the word "attempt" and thereby "invokes the concept of 'attempt,'" it is "not itself an attempt offense." *Linehan*, 56 F.4th at 705. It instead describes a category of conduct that is characterized by the use, attempted use, or threatened use of force.[10]

---

conduct than the Ninth Circuit's probable desistance approach for substantive criminal offenses. *See* Am. Law. Inst., *Model Penal Code & Commentaries Part I* § 5.01, at 329–31 (1985). But we have not rigidly adhered to the probable desistance test. For example, we have recognized that a jury instruction need not articulate the probable desistance test to accurately describe the law of attempt. *See United States v. Hofus*, 598 F.3d 1171, 1174–75 (9th Cir. 2010); *United States v. Mincoff*, 574 F.3d 1186, 1196–97 (9th Cir. 2009).

[10] The force clause's use of "attempt" contrasts with the use of "attempt" in other provisions of the Guidelines. For instance, § 4B1.2(d) defines crimes of violence to include "the offenses of aiding and abetting,

*Linehan* construed "attempted use" as a substantial step toward a wrongful end, quoting Ninth Circuit cases that discussed the established legal meaning of "attempt." *See id.* at 702; *see also Taylor*, 596 U.S. at 854–55 (according "threat" its traditional meaning in criminal law when considering the "threatened use" of physical force in a force clause analysis); *Morissette*, 342 U.S. at 263.  But we did not import into the force clause the probable desistance test we have employed when analyzing substantive criminal offenses.  Indeed, we had no reason to incorporate the Ninth Circuit's test for substantive attempt crimes because we were not comparing a crime of conviction to another substantive criminal offense; instead, *Linehan* addressed the meaning of "attempted use" by applying the analytical framework the Supreme Court used in *Taylor*.

*Linehan* therefore did not discuss, let alone apply, the probable desistance standard.  *See* 56 F.4th at 702–03.  It held that a violation of § 844(d) necessarily involves the "attempted use" of physical force because the conduct criminalized in § 844(d)—transporting or receiving an explosive—is "better characterized as a substantial step toward the use of force as opposed to a mere preparation for

---

attempting to commit, or conspiring to commit any such offense." Unlike the force clause in § 4B1.2(a)(1), provisions like § 4B1.2(d) that expressly invoke substantive inchoate offenses require us to compare the scopes of attempt liability under state law and federal law.  *See, e.g.*, *Saavedra-Velazquez*, 578 F.3d at 1107–10 (considering "whether the definition of 'attempt' under California law is coextensive with" the federal generic definition to decide whether California attempted robbery is a crime of violence under the enumerated offenses clause); *United States v. Rivera-Ramos*, 578 F.3d 1111, 1113–15 (9th Cir. 2009) (analyzing whether New York attempt liability is broader than the federal generic definition to decide whether New York attempted robbery is a crime of violence under the enumerated offenses clause).

the use of force." *Linehan*, 56 F.4th at 702. *Linehan* reasoned that transporting an explosive device that "must be readily capable of explosion" is "a highly dangerous undertaking that requires deliberate and considered action." *Id.* at 702–03.

If *Linehan* had applied the probable desistance test, it would have considered whether a violation of § 844(d) necessarily involves conduct of "such substantiality that, unless frustrated, the [physical force] would have occurred." *Saavedra-Velazquez*, 578 F.3d at 1107 (citation modified); *see also Goetzke*, 494 F.3d at 1237 (requiring an unequivocal showing that "the crime will take place unless interrupted by independent circumstances" (citation modified)). *Linehan* makes no mention of this inquiry.

Our approach in *Linehan* was consistent with other caselaw addressing the "attempted use" of physical force. In *United States v. Studhorse*, we "easily conclude[d]" that attempted first-degree murder under Washington law, which requires the taking of a substantial step toward causing the death of another, has as an element the attempted use of physical force. 883 F.3d 1198, 1204–06 (9th Cir. 2018). We did so without discussing the probable desistance test. *See id.* Similarly, in *United States v. Howald*, we concluded that attempting to kill someone in violation of 18 U.S.C. § 249(a)(2)(A)(ii)(II) requires a "substantial step toward the use of violent force" because the defendant's intentional act must have been "strongly corroborative" of a "purpose to cause death." 104 F.4th 732, 742–43 (9th Cir. 2024) (citation modified). *Howald* did not mention or apply the probable desistance test. *Id.*

## IV

*Linehan* adopted the established meaning of "attempt"—requiring a "substantial step"—without importing the probable desistance test that we have applied to substantive criminal offenses. *See* 56 F.4th at 702–03. Because attempted first-degree assault under Oregon law requires that a defendant take a substantial step toward causing serious physical injury, it qualifies as a crime of violence under the force clause. The district court did not err by increasing Chavez-Echeverria's base offense level pursuant to § 2K2.1(a)(1).

**AFFIRMED.**